IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PRO-MECH USA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03-1673C |
| v. | ) | (Judge Susan Braden) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 constitute conclusions of law to which no response is required.

2. Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. Admits the allegations contained in paragraph 3 that Norbert J. Cebula is the Contracting Officer for the contract at issue in this case and that the Veterans Administration Boston Healthcare System, Jamaica Plain Campus ("Boston VAMC") is a unit of the Department of Veterans Affairs; denies the remainder of the allegations contained in paragraph 3.

4. Admits the allegations contained in paragraph 4 that the Boston VAMC entered into the subject contract with plaintiff; denies the remainder of the allegations contained in paragraph 4.

5. Denies.

6. Admits.

7. Admits.

8. Admits the allegations contained in the first sentence of paragraph 8 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 8. Denies the allegations contained in the second sentence of paragraph 8.

9. Admits the allegations contained in the first sentence of paragraph 9 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 9. Denies the allegations contained in the second sentence of paragraph 9.

10. Admits the allegations contained in the first sentence of paragraph 10 to the extent supported by the "claim" cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 10. Denies the allegations contained in the second sentence of paragraph 10 for lack of knowledge or information sufficient to form a belief as to their truth.

11. Denies the allegations contained in the first sentence of paragraph 11. The allegations contained in the second sentence of paragraph 11 constitute conclusions of law to which no response is required.

12. Defendant's responses to paragraphs 1 through 11 of the complaint are incorporated by reference.

13. Denies.

14. Denies.

15. Denies that plaintiff is entitled to the relief set forth in the prayer for relief

immediately following paragraph 14, or to any relief whatsoever.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director

/s Kenneth D. Woodrow
KENNETH D. WOODROW
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor,
1100 L St. NW
Washington, D.C. 20530
Tel: (202) 307-1011
Fax: (202) 307-1972

October 27, 2003

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of October, 2003, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Kenneth D. Woodrow