**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PRO-MECH USA, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03-1673C |
| v. | ) | (Judge Braden) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Appendix A, Part III, of the Rules of the United States Court of Federal Claims ("RCFC"), the parties submit the following Joint Preliminary Status Report.

**1. Jurisdiction**

Pro-Mech USA, Inc. ("Pro-Mech") asserts jurisdiction pursuant to the Tucker Act, 28 U.S.C. § 1491, and the Contract Disputes Act of 1978, 41 U.S.C. § 601 et seq.. At this time, the United States knows of no reason to question the Court's jurisdiction.

**2. Consolidation**

This case should not be consolidated with any other case.

**3. Bifurcation**

The parties agree that the trial of liability and damages should not be bifurcated.

**4. Deferral**

The parties are not aware of any related cases currently pending in this or any other tribunal and, accordingly, the proceedings in this case should not be deferred pending consideration of any other case.

**5. Remand/Suspension**

Neither party will seek to remand or suspend this case.

**6. Joinder of Additional Parties**

At this time, neither party intends to join additional parties.

**7. Motions Pursuant to RCFC 12(b), 12(c) or 56**

No motions pursuant to RCFC 12(b), 12(c) or 56 have been filed. At this time, the parties have not determined whether they will file any dispositive motions following the close of discovery.

**8. Relevant Issues**

On July 26, 2002, the Department of Veteran Affairs ("VA") entered into Contract No. V523-7085 with Pro-Mech U.S.A., Inc. ("Pro-Mech") for building maintenance at the Jamaica Plain campus of the VA's Boston, Massachusetts Health Care System. In consideration for Pro-Mech's building maintenance, the VA agreed to pay $40,740 per month during the life of the contract.

From the outset, the services Pro-Mech provided did not meet the expectations of Norbert J. Cebula, VA's Contracting Officer. Beginning in October, 2002, Pro-Mech and the VA began discussing their disagreements. However, relations between the VA and Pro-Mech would eventually deteriorate to the point that the police would be called in to settle an altercation between a VA and a Pro-Mech employee. Beginning November 15, 1002, these ongoing disagreements resulted in the VA refusing to pay Pro-Mech under the contract. On March 21, 2003, Pro-Mech demanded that the VA pay $162,960, the amount of the unpaid invoices. Pro-Mech deemed that the VA had denied the claim and, on April 1, 2003, openly abandoned performance under the contract. In July, 2003, Pro-Mech brought a claim before this Court

seeking $185,181.72 plus interest and attorney fees.

The principal issues in this action are:

1. Whether the contract between Pro-Mech and VA required Pro-Mech to maintain or upgrade equipment regardless of when wear to machinery had occurred.

2. Whether Pro-Mech's refusal to maintain or upgrade already dilapidated equipment satisfied its contract responsibilities.

3. Whether VA's post-November 15, 2002 refusal to pay Pro-Mech breached the contract.

4. Whether Pro-Mech's abandonment constituted an anticipatory breach of the contract.

5. Whether VA's failure to pay or respond to Pro-Mech's March 21, 2003 demand for payment constituted a denial of Pro-Mech's claim.

**9. Settlement**

At this time, the parties believe that it is too early in the litigation to provide an opinion as to the likelihood of settlement. The parties will consider settling some or all of the claims as this litigation progresses.

**10. Trial**

If this matter cannot be resolved through settlement, the parties anticipate that the case will proceed to trial if dispositive motions are not filed or, if filed, are not sustained. Neither party requests an expedited trial schedule.

**11. Electronic Case Management**

Primary responsibility for representing the United States in this case was recently transferred from Kenneth D. Woodrow to James D. Colt. Given that Mr. Colt began work with

the Department of Justice on December 8, 2003, and does not anticipate being sworn in before the Court of Federal Claims until January 8, 2004, he does not have an account for making electronic filings before the Court. Accordingly, the Government will continue to make filings under Mr. Woodrow's account until Mr. Colt is able to file with the Court.

**12. Additional Issues**

The parties are unaware of any additional information that the Court should be aware of at this time.

**13. Proposed Discovery Plan**

Pursuant to RCFC Appendix A, ¶ 5, the parties propose the following alternative discovery plans:

a. The United States proposes that initial disclosures pursuant to RCFC 26(a)(1) be served on or before March 1, 2004 while Pro-Mech proposes that such disclosures be made by January 15, 2004.

b. The parties propose that, without leave of Court or written stipulation, a party may serve upon any other party up to 30 interrogatories, including all discrete subparts, pursuant to RCFC 33.

c. The United States proposes that all fact discovery in this action be completed on or before January 1, 2005 while Pro-Mech proposes that discovery be completed by April 23, 2004.

d. The United States proposes that expert witnesses be disclosed on or before August 15, 2004, expert reports pursuant to RCFC 26(a)(2)(B) be exchanged on or before October 1, 2004, and that expert discovery, including any depositions, be completed by November 15, 2004. Pro-Mech proposes that Expert witnesses

be disclosed by March 15, 2004 and that counter-experts be identified by March 29, 2004.

Respectfully Submitted,

ROBERT D. McCALLUM, JR.
Assistant Attorney General

DAVID M. COHEN
Director

BRIAN M. SIMKIN
Assistant Director

s/ Edward J. Tolchin
EDWARD J. TOLCHIN
Fettmann, Tolchin & Majors, P.C.
10509 Judicial Drive, Suite 300
Fairfax, VA 22030
(703) 385-9500
(703) 385-9893 (fax)

Attorney for Plaintiff

December 17, 2003

s/ James D. Colt
JAMES D. COLT
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
(202) 514-7300
(202) 307-0972 (fax)

Attorneys for Defendant

December 17, 2003

**CERTIFICATE OF SERVICE**

I hereby certify that on December 17, 2003, a copy of the foregoing Joint Preliminary Status Report was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Edward J. Tolchin
Edward J. Tolchin