IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PRO-MECH USA, INC. | : | |
| Plaintiff, | : | |
| vs. | : | NO: 03-1673C |
| THE UNITED STATES | : | |
| Defendant. | : | |

PLAINTIFF PRO-MECH USA'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff Pro-Mech USA, Inc., pursuant to Fed. R. Civ. P. 33 and 34, propounds the following interrogatories and document requests upon Defendant United Sates of America, each of which is to be answered separately within 30 days, in accordance with the Federal Rules of Civil Procedure. Document production shall take place at the offices of counsel for Pro-Mech USA, Inc.

**Instructions and Definitions**

A. These discovery requests are continuing in character, so as to require you to supplement your response if you subsequently obtain further or different information, documents or tangible objects before trial.

B. "Identify", "identity" or "identification" when used in reference to an individual person, company or other entity means to state the full name and present address and telephone number, and in the case of a person, his or her business affiliation.

C. Unless otherwise indicated, these discovery requests refer to the time, place and circumstances of the occurrence mentioned or complained of in the pleadings.

D. Where knowledge or information in the possession of a party is requested, such

request included knowledge of the party's agents, representatives, predecessors, and unless privileged, attorneys.

E. When answer is made by a corporate party or government entity, state the name, address and title of the person supplying the information and making the affidavit, and the source of the information.

F. The pronoun "you" refers to the party or parties to whom these discovery requests are addressed and the persons mentioned in Paragraph D.

G. Where identification of a document, photograph, diagram, chart, etc. is requested, please specify:

a. Its nature and form;

b. The date, place and manner of its creation;

c. The person(s) who made it;

d. The person(s) who witnessed its making;

e. The identity of its present custodian;

f. Its present whereabouts; if lost or destroyed, give all particulars; and

g. A concise description of its contents.

H. In the event that a requested document or thing is not in your possession or control, but you have knowledge of its existence and/or present location, please give a brief written description of its nature, firm and contents and specify to the best of your information and belief its present or last known location and custodian.

I. In the event that a requested document or thing is believed to have been lost, stolen or destroyed, please give a brief description of its nature and contents and describe to the best of

your information and belief the circumstances of its loss or destruction.

J. As used in this request, the terms "document," or "documents", "record", or "records" and/or similar words, mean, without limitation, any written, recorded, filmed or graphic matter, whether produced, reproduced or on paper, cards, tapes, film, electronic facsimile, computer storage devices or any other media, including, but not limited to, memoranda, notes, minutes, records, photographs, correspondence, telegrams, diaries, bookkeeping entries, financial statements, tax returns, checks, check stubs, reports, studies, charts, graphs, statements, notebooks, handwritten notes, applications, agreements, books, pamphlets, periodicals, appointment calendars, notes, records and recordings or oral conversations, work, papers, and also including, but not limited to, originals and all copies which are different in any way from the original whether by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise, and drafts which are in your possession, custody or control or in the possession, custody or control of your present or former agents, representatives, or attorneys, or any and all persons acting on your behalf, including documents at any time in the possession, custody or control of such individuals or entities or known by you to exist.

K. "Produce" means produce, make available or authorize the obtaining of any material requested to be produced, said production or making available to be for the purpose of inspection and copying.

L. In the event you decline to produce any document requested here on the basis of a claim of privilege or claim of work product protection, please identify and describe the document (by date, author, addressee, signatory, subject and length), state the privilege relied upon and the facts supporting such claim and identify all persons who have and have had access to or received

a copy of the document or any portion thereof.

**Interrogatories**

1. Identify all persons you believe may have knowledge of the facts underlying the dispute between the parties, and, for each person so identified, provide a summary of the knowledge you understand that person to possess.

2. State in detail the contract requirements which you contend Pro-Mech failed to perform under Contract No. V523P-7085. Include in your answer (i) the specific contract requirement, (ii) the date when the non-performance occurred, (iii) the precise failure to perform you allege occurred, (iv the means by which it was determined Pro-Mech failed to perform the requirement, and (iv) the method of notice, if any, of the failure you gave to Pro-Mech, including the date of notice and contents thereof.

3. State in detail, separately for each invoice, the reasons why VAMC failed to pay each invoice issued by Pro-Mech between November 15, 2002, and April 1, 2003, and identify all documents which support any reason stated.

4. State in detail all instances before issuance of the February 19, 2003, "Show Cause" Notice when VAMC informed Pro-Mech that Pro-Mech was not meeting the requirements set forth under Contract No. V523P-7085. Include in your answer (i) a verbatim recitation of the representation/s, (ii) an identification of all individuals to whom the representation/s was/were made and/or who was present when the alleged representation/s was/were made, (iii) the date and time when the representation/s was/were made and (iv) the manner by which the representation/s was/were made (i.e., in person, via telephone, in writing, etc.), (v) the time-frame in which Pro-Mech was expected to correct the alleged deficiencies, and (vi) an

identification of all documents which concern the notice.

5. State in detail each inaccuracy you claim exists in Pro-Mech's March 3, 2003, response to the February 19, 2003, Show Cause Notice.

6. State in detail why VAMC stopped paying Pro-Mech for its services over two months prior to the issuance of a "Show Cause" Notice, i.e. between November 15, 2002, and February 19, 2003.

7. State in detail all steps taken by VAMC after receipt of Pro-Mech's March 3, 2003, response letter to preserve the integrity of Contract No. V523P-7085.

9. State in detail why VAMC refused payment to Pro-Mech for services performed under Contract No. V523P-7085 between February 19, 2003, and April 1, 2003.

8. State in detail all reasons, if any, why you believe VAMC is not in material breach of contract for failing to pay for services rendered under Contract No. V523P-7085.

9. Identify all persons with knowledge of any fact which supports your Answer in this matter and, for each such person so identified, include in your answer a summary of the knowledge you understand that person to possess.

10. Identify each person you expect to call as a witness in this matter, and for each person you expect to call as an expert witness provide the following information: (i) the subject matter(s) on which the expert is expected to testify, (ii) the substance of the facts and the opinions on which the expert is expected to testify; (iii) the grounds for each such opinion, and (iv) the qualification such expert possesses as to the subject matter(s) listed in response to subparagraph (ii) above.

**Document Request**

1. All documents related to the personnel file of Norbert J. Cebula, a contracting officer for VAMC.

2. All documents related to and including Contract No. V523P-7085.

3. All documents exchanged between VAMC and Pro-Mech pertaining to the work performed by Pro-Mech under Contract No. V523P-7085.

4. All documents generated by VAMC in connection with work performance under Contract No. V523P-7085.

5. All documents concerning written and/or oral communications from VAMC to Pro-Mech prior to February 19, 2003, indicating non-compliance with contract provisions by Pro-Mech in connection with work performed by Pro-Mech under Contract No. V523P-7085.

6. All documents related to the issuance of VAMC's Show Cause Notice of February 19, 2003.

7. All documents related to VAMC's response, if any, to Pro-Mech's March 3, 2003, response to the Show Cause Notice.

8. All documents related to the issuance of a "Show Cause" Notice and the course of action to address and resolve alleged contract deficiencies between parties.

9. All originals and copies of documentation of PM"s performed by Pro-Mech, USA related to maintenance services under Contract No. V523P-7085.

10. All documents identified in your answers to the foregoing interrogatories.

11. All documents which concern your decision not to pay any invoice submitted by Pro-Mech.

12. All documents concerning Pro-Mech and/or its work under Contract No. V523P-7085.

Respectfully submitted,

s/Edward J. Tolchin
Edward J. Tolchin, Esquire
Fettmann, Tolchin & Majors, P.C.
10509 Judicial Drive, Suite 300
Fairfax, Virginia 22030
(703) 385-9500
(703) 385-9893 (Fax)
etolchin@ftm-pc.com
Counsel for Pro-Mech USA, Inc.

**Certificate of Service**

I hereby certify that on January 13, 2004, a copy of the foregoing Plaintiff Pro-Mech USA's First Set of Interrogatories and Request for Production of Documents was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Edward J. Tolchin
Edward J. Tolchin