IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PRO-MECH USA, INC. | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | No: 03-1673C |
| | : | (Judge Braden) |
| THE UNITED STATES | : | |
| | : | |
| Defendant. | : | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR ENLARGEMENT**

Defendant's motion for enlargement is without basis and should be denied. Granting it will likely delay a conclusion to this proceeding in November, thus prejudicing Pro-Mech and allowing defendant to obtain an advantage for its dilatory conduct.

1. This case was delayed for months by the defendant's bad faith actions in failing to respond to a settlement offer which *defendant* asked *plaintiff* Pro-Mech to make so that defendant could accept it. As a result of the defendant's refusal to respond, and continuing request for more time to consider the offer it asked Pro-Mech to make, Pro-Mech has been driven to the brink of financial disaster.

2. Pro-Mech filed its pending motion on September 10, 2004, 3 ½ weeks *before* the Court's October 4 deadline for submission of the motion. *See* Scheduling Order (August 2, 2004). The Court allowed defendant until October 18, 2004, a period of more than 5 weeks, to respond. The original scheduling order allowed defendant only 2 weeks to respond – from October 4 to October 18. Thus, defendant already has been given a 3 week extension.

3. Defendant's current reasons for needing an extension are baseless. According to defendant, the contracting officer *already* has provided an affidavit so there is no need for further

time to get an affidavit. Further, the defendant claims that this affidavit, which apparently took the defendant weeks to craft, was necessary to rebut a 9 line affidavit submitted by plaintiff. Plaintiff's 9 line affidavit, submitted 5 weeks ago, states, in effect, only that the contracting officer would not give Pro-Mech a reason for non-payment of the amounts at issue in this proceeding. This identical information was provided in defendant's deposition of Pro-Mech on September 7. An affidavit was used, instead of a transcript, simply because Pro-Mech did not order a transcript of its own deposition in order to save costs. Moreover, the contracting officer cannot rebut this fact with any accurate factual statement in an affidavit, given that he already admitted in his deposition that he never gave Pro-Mech a reason for non-payment. ("Q. So, you stopped paying and you decided not to tell [Pro-Mech's president] why because you figured he had to figure it out himself; isn't that right . . . A. Yes." Cebula Dep. at pp. 22-23.)

4. We normally would consent to a request for enlargement, even if it has no substantive basis. But, any delay in this matter will likely make it impossible to reach a conclusion either by summary judgment or trial in November. Thus, Pro-Mech will be prejudiced by any extension.

**Conclusion**

Defendant's motion for enlargement should be denied.

Respectfully submitted,

s/ Edward J. Tolchin

EDWARD J. TOLCHIN
Fettmann, Tolchin & Majors, P.C.
10509 Judicial Drive, Suite 300
Fairfax, VA 22030
(703) 385-9500
(703) 385-9893 (fax)
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of October 2004, a copy of the foregoing Plaintiff's Opposition to Motion for Enlargement of Time was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Edward J. Tolchin
Edward J. Tolchin