**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PRO-MECH USA, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03-1673C |
| v. | ) | (Judge Braden) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>DEFENDANT'S STATEMENT OF GENUINE ISSUES</u>**

Pursuant to 56(d)(2) of the Rules of the United States Court of Federal Claims ("RCFC"), the United States submits the following responses to the proposed findings of uncontroverted fact submitted by the plaintiff in support of its Motion for Summary Judgment.

**<u>Responses</u>**

1. No objection. Defendant notes, however, that the nature and scope of the contract has been a matter of dispute between the parties. See Def.'s Exhibit 1, Willis Depo. Tr. at 9-10.

2. No objection. But, Defendant notes further that the Contract required that "service activities will be directed and scheduled on a regular basis by an Equipment Maintenance Scheduling System . . . based upon manufacturer's recommendations, equipment location, application, application, type, run time and the Contractor's own experience." Pl.'s Exhibit 1, Scope of Work ¶ 2, pg. 8 of 47. The contract further specified that "all filters will be changed not less than four times per year." <u>Id.</u> pg. 9 of 47. Moreover, the Contract does require that maintenance be completed in a timely enough fashion to sufficiently maintain the HVAC system. Def.'s Exhibit 2, Show Cause Notice, "Post [A]ward Section" paragraph 2(b).

3. No objection.

4. No objection. However, Defendant asserts that the contract amount was $488,880

annually and that a pro-rata share of that amount per month was $40,740. There was no contractual obligation for the VA to pay Pro-Mech $40,740 each month.

5. No objection.

6. Objection. The contract provision states that the VA was obligated to exercise its "post acceptance" rights "within a reasonable time after [defects in services or goods] were discovered." The Government further notes that FAR 52.212-4 states that "[t]he Contractor shall tender for acceptance those items that conform to the requirements of this contract" and that section (d) of this provision, titled "Disputes" states that:

> This contract is subject to the Contract Disputes Act of 1978 . . . . Failure of the parties to this contract to reach agreement on any request for equitable adjustment, claim, appeal or action arising under or relating ot this contract shall be a dispute to be resolved in accordance with the clause at FAR 52.233-1, Disputes, which is incorporated herein by reference. The Contractor shall proceed diligently with performance of this contract, pending final reoslution of any dispute arising under the contract."

Pl.'s Exhibit 1, Scope of Work at pg. 24 of 47 (emphasis added).

7. No objection. Defendant notes further that the Contract incorporates the Prompt Payment Act (31 U.S.C. § 3903) which states in section (a)(1)(B) that "the required payment date is – 30 days after a proper invoice for the amount due is received if a specific payment date is not established by contract" (emphasis added) and which states that an invoice is only payable when services are accepted or the agency representative determines that services conform to the contract. Def.'s Exhibit 3, 31 U.S.C. §§ 3903(a)(1)(B), (a)(5)(B).

8. No objection. Neither party alleges that this provision requires termination for non-

conforming service.

9. No objection.

10. No objection.

11. No objection.

12. No objection.

13. No objection.

14. No objection.

15. Objection. Pro-Mech's Affiant claims that Mr. Cebula made representations to her about payment. Mr. Cebula's attached declaration disputes these assertions. Def.'s Exhibit 4, Affidavit of Mr. Cebula.

16. Objection. Pro-Mech claims that it is undisputed that the VA did not inform Pro-Mech of the reasons for not paying submitted invoices. However, the transcript sections it references refer to Mr. Cebula explaining what he told Mr. Hannon, however, it does not say that Mr. Cebula never informed other Pro-Mech representatives. Def.'s Exhibit 5, Cebula Depo. Tr. at pg. 32 line 21 to pg. 33, line 4. Furthermore, Mr. Cebula testified that he verbally informed Pro-Mech and provided Pro-Mech with task order lists that showed some of the performance deficiencies for which they were not being paid well before he sent his Show Cause Notice to Pro-Mech in February. Id. at pg. 24 line 21; pg. 29 line 8- pg. 31 line 15.

17. Objection. Although it is undisputed that the VA sent a Show Cause Notice on February 19, 2003, detailing Pro-Mech's failure to perform, VA workers have disputed under oath that this was the first time Pro-Mech was informed of its performance deficiencies. Def.'s Exhibit 5, Cebula Depo. Tr. at pgs. 24, 29-31; Def.'s Exhibit 1 Willis Depo. Tr. pgs. 10-11. In addition,

prior to December 5, 2002, Pro-Mech solicited legal advice regarding the disputed scope of this contract. Def.'s Exhibit 8, Letter of Robert P. Meingossner.

18. No objection.

19. No objection. The February 19 Show Cause Notice was the first written correspondence with Pro-Mech indicating that Pro-Mech' work was unacceptable. However, VA workers have testified that they had numerous oral discussions prior to that in which Pro-Mech's performance deficiencies were discussed. Def.'s Exhibit 5, Cebula Depo. Tr. at 24; Def.'s Exhibit 1, Willis Depo. Tr. at 7-11, 19-25; Def.'s Exhibit 6, Loos Depo. Tr. 8-21; Def.'s Exhibit 7, Hoffman Depo. Tr. 28-30.

20. No objection. It is undisputed that Pro-Mech responded to the February 19, 2003, Show Cause Notice on March 3, 2003. However, Pro-Mech's assertions that its response showed that VA's numerous complaints were without merit constitute conclusions which defendant disputes.

21. No objection.

22. No objection.

23. Objection. Pro-Mech relies upon a hearsay statement in a letter written by a Pro-Mech employee to show that Mr. Cebula acknowledged the rectitude of Pro-Mech's position and promised to pay them money. Mr Cebula denies making such statements. Def.'s Exhibit 4, Affidavit of Mr. Cebula.

24. Objection. Pro-Mech relies upon a hearsay statement in a letter written by a Pro-Mech employee to show that Mr. Cebula retracted alleged previous statements. Mr. Cebula denies having made such statements at all. Def.'s Exhibit 4, Affidavit of Mr. Cebula.

25. Objection. It is undisputed that Pro-Mech "walked off the job" on April 1, 2003.

However, the parties disagree about the cause of the abandonment and the Government maintains that Pro-Mech was obligated to continue performance while the dispute was resolved.

26. No objection. It is undisputed that the VA did not default Pro-Mech under the contract. VA employees have sworn that the VA was hoping to work with Pro-Mech to resolve its performance deficiencies. Def.'s Exhibit 1, Willis Depo. Tr. at 11, 26; Def.'s Exhibit 4, Affidavit of Mr. Cebula. Pro-Mech's abandonment rendered any formal default action futile.

27 No objection.

28. Objection. It is undisputed that Pro-Mech had people on site from November 15, 2002 through April 1, 2003. However, in the section of the Cebula deposition that Pro-Mech quotes, Mr. Cebula made clear that he did not accept the work they did as conforming. Def.'s Exhibit 5, Cebula Depo. Tr. at 34. It is also undisputed that, during that period, Mr. Cebula sent a notice listing Pro-Mech's failure to perform the contract. Def.'s Exhibit 2, Mr. Cebula's February 19, 2003, Show Cause Notice.

Respectfully Submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director

s/ James D. Colt
JAMES D. COLT
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
(202) 514-7300
(202) 307-0972 (fax)

October 19, 2004

Attorneys for Defendant

# Appendix

Index to Appendix:


| | |
|---|---|
| Exhibit 1 | Daniel Willis Deposition Transcript Sections |
| Exhibit 2 | Contracting Officer's February 19, 2003 Show Cause Notice |
| Exhibit 3 | Text of 31 U.S.C. § 3903 |
| Exhibit 4 | Affidavit of Norbert J. Cebula |
| Exhibit 5 | Norbert J. Cebula Deposition Transcript Sections |
| Exhibit 6 | Thomas R. Loos Deposition Transcript Sections |
| Exhibit 7 | Joseph E. Hoffman Deposition Transcript Sections |
| Exhibit 8 | Legal Advice letter regarding Pro-Mech's contract responsibilities |

# Defendant's Exhibit 1

# Defendant's Exhibit 2

# Defendant's Exhibit 3

# Defendant's Exhibit 4

# Defendant's Exhibit 5

# Defendant's Exhibit 6

# Defendant's Exhibit 7

# Defendant's Exhibit 8

CERTIFICATE OF SERVICE

I hereby certify that in this 19th day of October, 2004, a copy of the foregoing DEFENDANT'S STATEMENT OF GENUINE ISSUES was filed electronically. In understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/James D. Colt